## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE STRICKLAND<br>310 Pennell Street<br>Chester, PA 19013<br><br>        Plaintiff<br>    VS.<br><br><br>CITY OF CHESTER, PA<br>1 Fourth Street<br>Chester, PA 19013<br>and<br><br>CITY OF CHESTER POLICE OFFICER<br>OTIS BLAIR , BADGE NO. UNKNOWN<br>Individually and in his official capacity as a<br>City of Chester Police Officer<br>160 East 7th Street<br>Chester, PA 19013<br>and<br><br>CHESTER TOWNSHIP, PA<br>1150 Engle Street<br>Chester, PA 19013<br>and<br><br>CHESTER TOWNSHIP POLICE OFFICER<br>KEVIN PADEN, BADGE NO. 37<br>Individually and in his official<br>capacity as a Chester Township Police Officer<br>1840 Harris Street<br>Chester Township, PA 19013<br><br>                    Defendants | CIVIL ACTION NO.<br><br>_____<br><br><br><br>JURY TRIAL DEMANDED |

**<u>CIVIL COMPLAINT</u>**

1.      This is an action for money damages to redress the deprivation by the Defendants of rights secured to the Plaintiff by the Constitution and laws of the United States and the Commonwealth of Pennsylvania.  The Defendants falsely arrested Plaintiff, used excessive force upon him and then maliciously prosecuted him.  Defendants are thereby liable for false arrest, false imprisonment, use of excessive force, assault & battery, intentional infliction of emotional distress and malicious prosecution.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §1983.  Jurisdiction is based upon §§1331 and 1343 (1), (3), (4) and the aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) and to hear and adjudicate state law claims.

## VENUE

3.      Pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), the venue of this suit is proper in this district in that the claim arose within the Eastern District of Pennsylvania.

## PARTIES

4.      Plaintiff Bruce Strickland is an adult individual who is a citizen of the United States and who resides at the above-captioned address in the City of Chester, Pennsylvania.

5.      Defendant City of Chester is a municipality of the Commonwealth of Pennsylvania, which owns, operates, manages, directs and controls the City of Chester Police Department which, at all times material to this complaint, employed Defendant City of Chester Police Officer Otis Blair.

6.     Defendant City of Chester Police Officer Otis Blair, Badge No. unknown, [hereinafter referred to as "Defendant Blair"] was, all times relevant to this complaint, a City of Chester police officer acting under color of state law..  He is being sued in both his official capacity as a City of Chester police officer and in his individual capacity.

7.     Defendant Chester Township is a municipality of the Commonwealth of Pennsylvania, which owns, operates, manages, directs and controls the Chester Township Police Department which, at all times material to this complaint, employed Defendant Chester Township Police Officer Kevin Paden.

8.     Defendant Chester Township Police Officer Kevin Paden, Badge No. 37 [hereinafter referred to as "Defendant Paden"] was, all times relevant to this complaint, a Chester Township police officer acting under color of state law..  He is being sued in both his official capacity as a Chester Township police officer and in his individual capacity.

9.     At all times relevant to this complaint, the Defendants acted jointly and in concert with each other. Each Defendant had the duty and opportunity to protect each Plaintiff from the unlawful actions of the other Defendant but each Defendant failed and refused to perform such duty, thereby proximately causing all the Plaintiffs' injuries.

10.    At all times relevant to his complaint, the Defendants acted separately, in concert, in agreement and in conspiracy with each other and others to deprive each Plaintiff of her constitutional and statutory rights.

## FACTS

11.    Plaintiff incorporates above paragraphs one through ten herein as fully as if set forth hereafter.

12.     On November 19, 2004, Plaintiff, along with others, was sitting on the front porch of 1303 Atwell Street in Chester, PA.

13.     While Plaintiff was sitting on the front porch of 1303 Atwell Street in Chester, PA, Defendants Blair and Paden, who were dressed in plain clothes, pulled up to Plaintiff's location in two unmarked motor vehicles.

14.     Without either Defendant identifying themselves or their purpose or intent, Defendant Blair shined a flashlight at Plaintiff.

15.     As a result of Plaintiff not knowing who the Defendants were or why Defendant Blair was shining a flashlight at him, he became frightened and started running towards 12th Street in Chester, PA.

16.     Defendant Blair chased Plaintiff for about a block to 12th Street in Chester, PA.

17.     After chasing Plaintiff to 12th Street, Defendant Blair threw his flashlight at Plaintiff's feet causing him to trip and fall facedown onto the pavement.

18.     As a result of Defendant Blair's actions in causing Plaintiff to fall, he sustained grievous and permanent injuries, including but not limited to, the loss of a number of his front teeth, disfigurement of his right foot right hand and injuries to other parts of his body

19.     As a result of his injuries, the Plaintiff received immediate
reatment at Chester-Crozer Medical Center.

20.     After causing Plaintiff to fall, Defendant Blair forcibly placed his knee on his neck, took him into custody and walked him back to the area of 1303 Atwell Street.

21.     Upon arriving at 1303 Atwell Street, Plaintiff was placed into a police vehicle by both Defendants Blair and Paden and taken to a Chester Township police station.

22. Defendant Paden then issued Plaintiff a police citation claiming that Plaintiff "did run from police after officers observed [Plaintiff] rolling a marijuana cigarette. After a brief foot chase [Plaintiff] was arrested and small amount of cocaine was recovered." A copy of the citation is attached hereto as Exhibit A and incorporated herein at length.

23. Plaintiff, however, did not roll or otherwise possess any marijuana cigarette, any cocaine or any other controlled substance.

24. Neither Defendant Blair nor Paden observed Plaintiff with any marijuana cigarette.

25. Neither Defendant Blair nor Paden recovered any cocaine from Plaintiff.

26. Despite Defendants, claim that Plaintiff possessed marijuana and cocaine, he was only charged with disorderly conduct. See Exhibit A.

27. A few days after Defendants arrested him, Plaintiff and his father spoke with the Chief of the Chester Township Police Department about the incident.

28. The Chief of Chester Township Police Department, however, claimed he could find no record of the police citation and therefore he claimed, he could do nothing about the matter.

29. The citation was eventually dismissed.

30. The Defendants' assault and arrest of Plaintiff was in violation of his constitutional and other legal rights.

31. The Defendants' use of force upon Plaintiff was excessive, unlawful, unjustified, unreasonable and unnecessary.

32. The arrest and prosecution of Plaintiff was without probable cause and malicious.

33. The Defendants' unlawful arrest, use of excessive force, intentional infliction of emotional distress and malicious prosecution was the direct result of Defendants' pattern,

practice and custom of subjecting citizens such as the Plaintiff to unlawful arrests, use of excessive force, malicious prosecution and intentional infliction of emotional distress.

34. The Defendants acted willfully, deliberately, maliciously and/or with reckless disregard of the Plaintiff's constitutional and statutory rights.

35. At no time did Defendants have probable cause to believe that the Plaintiff had committed or was committing any crime.

36. At all times relevant hereto, the Plaintiff felt harassed and intimidated by the authoritative positions of the Defendants.

37. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered and continues to suffer, injuries which are permanent which include, but are not limited to, great physical and mental suffering, financial loss, embarrassment and humiliation.

38. As a direct and proximate result of the Defendants' actions, the Plaintiff was deprived of his physical liberty and was forced to incur expenses all to his great detriment and loss.

39. As a direct and proximate result of Defendants' actions, the Plaintiff was deprived of rights, privileges and immunities secured to him by the United States and Pennsylvania Constitutions.

**COUNT I**
**Plaintiff v. Individual Defendants**
**Federal Civil Rights Violations:**
**42 U.S.C. §1983 (FALSE ARREST, EXCESSIVE FORCE & MALICIOUS PROSECUTION, (all which are violations of First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitutions)**

40. Plaintiff incorporates above paragraphs one through thirty-nine herein as fully as if set forth hereafter.

41. As a direct and proximate result of all the Defendants' conduct, committed under color of state law, the Plaintiff was deprived of his right to be free from false arrest, malicious prosecution, assault and battery, unreasonable and excessive force, unlawful search and seizure, unlawful detention, unlawful arrest, intentional infliction of emotional distress and to be secure in his person and property and to due process of law.  As a result, the Plaintiff suffered and continues to suffer harm in violation of his rights under the laws of the Constitution of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

42. As a direct and proximate result of the Defendants' acts, the Plaintiff sustained physical injuries, emotional harm, and loss of liberty and financial loss, all to his detriment and harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bruce Strickland, respectively requests this Honorable Court to:

a) award him general damages including, but not limited to, compensation for pain and suffering and harm to his reputation;

b) award him punitive and exemplary damages in a proper and adequate amount;

c) award him damages for emotional distress, emotional harm, humiliation, loss of self-esteem and loss of life's pleasures;

d) grant him pre-judgment interest in an appropriate amount;

e) grant him costs of litigation, disbursements and attorney's fees pursuant to 42 U.S.C. §1988;

f) grant him such other relief as is just and proper under the circumstances of this case.

**COUNT II**
**Plaintiff v. Defendants City of Chester and Chester Township**
**Federal Civil Rights Violations:**
**42 U.S.C. §1983 (MONELL CLAIM FOR FALSE ARREST, EXCESSIVE FORCE & MALICIOUS PROSECUTION which are violations of First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitutions)**

43. Plaintiff incorporates above paragraphs one through forty-two herein as fully as if set forth hereafter.

44. Beginning prior to November 19, 2004, Defendants City of Chester and Chester Township have encouraged, tolerated, ratified and have been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a) Unlawful stops, unlawful arrests, and unlawful searches and seizures by police officers;

    b) Assault and battery and unreasonable and excessive force by police officers;

    c) The improper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, unlawful arrest, malicious prosecutions and violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

    d) The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    e) The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    f)       Police officers' use of their status as police officers to employ the use of excessive force and unlawful arrest, or to achieve ends not reasonably related to their police duties; and

    g)       The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein.

45.     The Defendants City of Chester and Chester Township have failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other City of Chester and Chester Township police officers, thereby causing and encouraging City of Chester and Chester Township police officers, including the individual defendants in this case, to violate the rights of citizens such as Plaintiff Bruce Strickland.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bruce Strickland, respectively requests this Honorable Court to:

    a)       award him general damages including, but not limited to, compensation for pain and suffering and harm to his reputation;

    b)       award him punitive and exemplary damages in a proper and adequate amount;

    c)       award him damages for emotional distress, emotional harm, humiliation, loss of self-esteem and loss of life's pleasures;

    d)       grant him pre-judgment interest in an appropriate amount;

    e)       grant him costs of litigation, disbursements and attorney's fees pursuant to 42 U.S.C. §1988;

    f)       grant him such other relief as is just and proper under the circumstances of this case.

**COUNT III**
**Plaintiff v. All Defendants**
**State Law Claims of False Arrest, False Imprisonment, Assault & Battery, Malicious Prosecution and Intentional Infliction of Emotional Distress**

46. Plaintiffs incorporates above paragraphs one through forty-five herein as fully as if set forth hereafter.

47. The acts and conduct of the Defendants in this cause of action constitute False Arrest, False Imprisonment, Malicious Prosecution, Assault & Battery, and Intentional Infliction of Emotional Distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

**PRAYER FOR RELIEF**

a) award him general damages including, but not limited to, compensation for pain and suffering and harm to his reputation;

b) award him punitive and exemplary damages in a proper and adequate amount;

c) award him damages for emotional distress, emotional harm, humiliation, loss of self-esteem and loss of life's pleasures;

d) grant him pre-judgment interest in an appropriate amount;

e) grant him costs of litigation, disbursements and attorney's fees pursuant to 42 U.S.C. §1988;

f) grant him such other relief as is just and proper under the circumstances of this case.

Date:  November 19, 2006

                                              _____
D. LOUIS NICHOLSON, ESQUIRE
Attorney ID No. 47261
1735 Wallace Street, Ste. 201
Philadelphia, PA 19130
215-325-1466
Fax No. 215-366-2028
Attorney for Plaintiff Bruce Strickland