HBin

32

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRUCE STRICKLAND : CIVIL ACTION

v. :

CITY OF CHESTER, et al. : NO. 06-5129

FILED
DEC 18 2007
MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk

MEMORANDUM

Bartle, C.J. December 18, 2007

Plaintiff Bruce Strickland has sued defendants City of Chester and Police Officer Otis Blair for damages allegedly stemming from an arrest of plaintiff on disorderly conduct charges on November 19, 2004. Pursuant to 42 U.S.C. § 1983, plaintiff brings a claim for excessive force against Officer Blair and a related claim against the City of Chester. Plaintiff also brings state law claims against Office Blair and the City of Chester for assault and battery.

Now before the court is the motion of defendants City of Chester and Officer Blair for summary judgment.

I.

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see Fed. R. Civ. P. 56(c). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). After reviewing the

evidence, the court makes all reasonable inferences from the evidence in the light most favorable to the non-movant. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

II.

For the purpose of reviewing defendants' motions for summary judgment, the following facts are viewed in the light most favorable to plaintiff, the non-movant.

In the early evening on November 19, 2004, plaintiff Bruce Strickland was sitting on the steps leading up to the front door of a relative's home in Chester Township, Pennsylvania. Officer Kevin Paden, in a marked police cruiser, and Officer Otis Blair, in an unmarked black Monte Carlo, pulled up to a nearby stop sign while in the neighborhood on a drug investigation.[1] According to Officer Blair, plaintiff was visibly rolling a marijuana cigarette. Plaintiff denies that he was in possession of any drugs at the time. The officers exited their vehicles, and Officer Blair approached plaintiff while pointing the beam of a black flashlight in plaintiff's direction.

Plaintiff, a former high school track star, decided to run rather than wait for the police officers to reach him. Officer Blair, going through backyards, under clotheslines, and over fences, pursued plaintiff on foot for several blocks. Officer Blair at one point was able to grab plaintiff's coat

---

1. At the time of the incident, Officer Blair was acting as a member of a county-wide drug task force. It is undisputed, however, that he was employed by the City of Chester, a municipal entity separate from Chester Township.

although plaintiff slipped out of the coat and continued running. Plaintiff then felt a hard object strike the back of his right ankle, which caused him to fall. Because he was looking forward while running, plaintiff did not see who threw the object that struck him. Nonetheless, he did not see anyone other than Officer Blair around at the time. Officer Blair asserts that he did not throw anything at plaintiff and that several times during the chase plaintiff tripped without Officer Blair's intervention.

Plaintiff sustained serious injuries from the fall, including lasting dental and foot problems. He was unable to recover the object that struck his ankle. Officers Blair and Paden did not find any drugs, weapons, or other contraband on plaintiff's person at the time of his arrest or on the steps where the chase began. They also determined that there were no outstanding warrants for plaintiff's arrest. On April 21, 2005, as a result of the incident, plaintiff was convicted of disorderly conduct.

III.

Plaintiff first brings a claim against Officer Blair under 42 U.S.C. § 1983 which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983. Plaintiff alleges that Officer Blair violated his Fourth and Fourteenth Amendment rights through the use of excessive force resulting in an unlawful seizure.

"A Fourth Amendment seizure [occurs] ... when there is a governmental termination of movement through means intentionally applied." Scott v. Harris, 127 S. Ct. 1769, 1776 (2007) (quoting Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989)). "[A] claim of 'excessive force in the course of making [a] ... seizure of [the] person ... [is] properly analyzed under the Fourth Amendment's objective reasonableness standard.'" Id. (quoting Graham v. Connor, 490 U.S. 386, 388 (1989)). "In determining the reasonableness of the manner in which a seizure is effected, '[w]e must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" Id. at 1778 (quoting United States v. Place, 462 U.S. 696, 703 (1983)). "[P]olice officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 397. Thus, rather than apply "the 20/20 vision of hindsight," the court should instead consider the "perspective of a reasonable officer on the scene." Id. at 396.

Our Court of Appeals has directed that we must also take into account "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the

officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004) (quoting Graham, 490 U.S. at 396). Other factors include "the duration of the [officer's] action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997).

Genuine issues of material fact exist in the record as to whether Officer Blair's conduct while arresting plaintiff on November 19, 2004 was objectively reasonable. The parties dispute whether plaintiff was in visible possession of marijuana prior to Officer Blair's pursuit and whether Officer Blair threw an object at plaintiff so as to cause his fall. The fact issues that predominate can appropriately be decided only by a jury. Consequently, we will deny defendants' motion for summary judgment on plaintiff's § 1983 claims against Officer Blair.

IV.

Officer Blair raises qualified immunity as a defense in this case. The Supreme Court has provided recent guidance as to the structure of our inquiry:

> In resolving questions of qualified immunity, courts are required to resolve a "threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." If, and only if, the

> court finds a violation of a constitutional right, "the next, sequential step is to ask whether the right was clearly established ... in light of the specific context of the case."

Scott, 127 S. Ct. at 1776 (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

We first address the "threshold question" of whether the evidence shows, after making all reasonable factual inferences in favor of plaintiff, that Officer Blair's conduct was "objectively unreasonable" in violation of the Fourth and Fourteenth Amendments. Here, when viewed in the light most favorable to plaintiff, the evidence demonstrates that Officer Blair, without probable cause or even reasonable suspicion, chased after plaintiff and forcibly assaulted him, causing serious injury. Further evidence shows that plaintiff was unarmed, was not a fleeing felon, and did not pose a serious risk of danger to bystanders. These facts, if proved at trial, would establish that Officer Blair violated plaintiff's constitutional rights.

We must now examine whether the allegedly violated right was "clearly established ... in light of the specific context of the case." The Court of Appeals recently stated that:

> A grant of qualified immunity may be upheld where a challenged police action presents an unusual legal question or "where there is at least some significant authority that lends support" to the conduct in question, even if the conduct was unconstitutional. "On the other hand, the plaintiff need not show that there is a prior decision that is factually identical to the case at hand in order to

> establish that a right was clearly established."

Couden v. Duffy, 446 F.3d 483, 495 (3d Cir. 2005) (quoting Doe v. Groody, 361 F.3d 232, 243 (3d Cir. 2004)).

Again, for the purposes of this inquiry we must assume that plaintiff was not in visible possession of marijuana when Officer Blair left his vehicle and that Officer Blair did not have even the reasonable suspicion of illicit activity necessary to conduct a Terry stop. We also regard as true for present purposes that Officer Blair struck plaintiff with a hard object from behind during the chase, which caused plaintiff to sustain serious injuries. Under these circumstances, we conclude that a reasonable officer would not have believed that the amount of force used to stop plaintiff was legal under existing precedent. Officer Blair is therefore not entitled to qualified immunity at this time.

V.

Plaintiff also brings a claim against the City of Chester under 42 U.S.C. § 1982 pursuant to Monell v. New York Dep't of Social Servs., 463 U.S. 658 (1978). Plaintiff has introduced no evidence regarding the policies or customs adopted by the City of Chester with respect to the use of force. Likewise, plaintiff has failed to produce evidence that such a policy or custom was the proximate cause of Officer Blair's conduct. In the absence of such evidence, plaintiff cannot succeed on his Monell claim. Accordingly, we will grant the

motion of the City of Chester for summary judgment on plaintiff's § 1983 claim.

VI.

We lastly address plaintiff's state law claims for assault and battery. Under Pennsylvania law, an "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994) (citations omitted). Nonetheless, "[i]n making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest. The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery." Id. Because a genuine issue of material fact exists as to the reasonableness of the force used by Officer Blair in arresting plaintiff, we will deny the motion of Officer Blair for summary judgment on plaintiff's state law claims for assault and battery.

Pennsylvania law is clear, however, that a municipal entity such as the City of Chester cannot be held liable for the intentional torts of its employees. See 42 Pa. Cons. Stat. §§ 8541-42; Pahle v. Colebrookdale Twp., 227 F. Supp. 2d 361, 367-68 (E.D. Pa. 2002). Therefore, we will grant the motion of the City of Chester for summary judgment on plaintiff's state law claims for assault and battery.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRUCE STRICKLAND : CIVIL ACTION
v. :
CITY OF CHESTER, et al. : NO. 06-5129

FILED
DEC 18 2007
MICHAEL E. KUNZ, Clerk
By MJ Dep. Clerk

ORDER

AND NOW, this 18th day of December, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendant, Officer Otis Blair, for summary judgment on plaintiff's claims under 42 U.S.C. § 1983, for assault and battery under state law, and for qualified immunity is DENIED;

(2) the motion of defendant, City of Chester, for summary judgment on plaintiff's claims under 42 U.S.C. § 1983 and for assault and battery under state law is GRANTED; and

(3) judgment is entered in favor of defendant City of Chester and against plaintiff Bruce Strickland.

BY THE COURT:

Harvey Bartle III
C.J.

e-mail:
S. McDonough
M. Cornell
D. Nicholson